IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **JESLYN M. SPEELMAN, et al.,** | CASE NO. 3:23 CV 1112 |
| Plaintiffs, | |
| v. | JUDGE JAMES R. KNEPP II |
| **SCHNEIDER NATIONAL CARRIERS, INC., et al.,** | |
| Defendants. | MEMORANDUM OPINION AND ORDER |

### INTRODUCTION

Currently pending before the Court is Plaintiff Jeslyn M. Speelman's motion (on behalf of herself and as parent and guardian of minor children J.M.S., C.W.S., and A.I.S.) to remand this case to the Williams County Court of Common Pleas. (Doc. 6). Defendants Schneider National Carriers, Inc. and Steven A. McFarlane oppose (Doc. 7), and Plaintiffs replied (Doc. 8). For the following reasons, the Court grants the motion to remand.

### BACKGROUND

Plaintiffs filed suit in the Williams County, Ohio, Court of Common Pleas asserting state law claims arising out of a December 31, 2022, accident between Defendant's tractor-trailer and Plaintiff's vehicle. (Doc. 1-1). The Complaint asserts the collision caused Plaintiff Jeslyn Speelman:

> to sustain injuries to hear head, back and neck; to suffer permanent impairment in the use of the affected areas of her body; to incur physical pain, suffering, mental anguish, emotional distress, permanent and substantial deformity, and loss of enjoyment of life, to require and continue to require medical care, attention, and treatment along with the resulting expenses.

*Id.* at ¶ 12. It further asserts the collision caused two of the minor child Plaintiffs

> to sustain injuries to his head; to suffer permanent impairment in the use of the affected areas of his body; to incur physical pain, suffering, mental anguish, emotional distress, permanent and substantial deformity, and loss of enjoyment of life, to require and continue to require medical care, attention, and treatment along with the resulting expenses.

*Id.* at ¶¶ 13-14. The Complaint says the collision caused the third minor child Plaintiff

> to sustain injuries to his body; to suffer permanent impairment in the use of the affected areas of his body; to incur physical pain, suffering, mental anguish, emotional distress, permanent and substantial deformity, and loss of enjoyment of life, to require and continue to require medical care, attention and treatment along with the resulting expenses.

*Id.* at ¶ 15.

> The Complaint's prayer for relief seeks:

> judgment against the Defendants, jointly and severally; an award of economic and noneconomic damages in excess of twenty-five thousand dollars ($25,000) each, plus applicable interest; an award of reasonable attorneys' fees and costs; in addition to punitive damages and other relief that this Honorable Court deems just under the circumstances.

*Id.* at 6.

In a Stipulation attached to the Motion to Remand, Plaintiff Jeslyn Speelman, individually and on behalf of her minor children,

> stipulates that the relief sought is limited to judgment of the following:
>
> 1. An award of compensation in favor of [Plaintiffs] in an amount to be determined at trial in excess of $25,000 each, but not greater than $75,000 each, inclusive of any award of punitive damages and attorneys' fees.
>
> 2. An award of punitive damages in favor of [Plaintiffs] in an amount to be determined at trial, but not greater than $75,000 each, inclusive of any award of compensatory damages and attorneys' fees.
>
> 3. Award of attorneys fees as provided by law in an amount not greater than $75,000 each, inclusive of any award of compensatory and punitive damages.

(Doc. 6-1, at ¶¶ 1-3). It also states: "This Stipulation is intended to be unequivocal and binding on [Plaintiffs], and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award in their favor." (Doc. 6-1, at 2).

## STANDARD OF REVIEW

When a defendant removes an action from state court to federal court, the federal court has subject-matter jurisdiction only if it would have had original jurisdiction over the action. 28 U.S.C. § 1441(a). Here, Defendants claim this matter falls within the Court's original diversity jurisdiction under 28 U.S.C. § 1332(a). For that to be true, two conditions must be met: (1) the parties must be completely diverse; and (2) the amount in controversy must exceed $75,000. *Id.* Importantly, though, removal jurisdiction is assessed based on the facts as they existed at the time of removal. *See Harper v. AutoAlliance Int'l, Inc.*, 392 F.3d 195, 210 (6th Cir. 2004). Separately, courts must also be mindful that, when jurisdiction upon removal is uncertain, federal courts must construe the removal statutes strictly, resolving all doubts in favor of remand. *See Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 534 (6th Cir. 1999).

## DISCUSSION

Plaintiffs move to remand, arguing (1) Defendants' Notice of Removal improperly aggregates the claims of the four individual Plaintiffs to meet the amount in controversy requirement, and (2) Plaintiff Jesslyn Speelman's post-removal Stipulation clarifies that the amount in controversy does not exceed the jurisdictional amount. (Doc. 6); *see also* Doc. 6-1 (Stipulation). Defendants oppose, contending that Plaintiffs' Complaint – at the time of removal – suggests each individual's claims exceeds the jurisdictional amount. (Doc. 7).[1]

---

1. the Court notes there is no dispute that the parties are citizens of different states. Plaintiffs are citizens of Ohio, Defendant McFarlane is a citizen of Georgia, and Defendant Schneider is a citizen of Nevada and Wisconsin. *See* Doc. 1.

3

Generally, a plaintiff is the master of his or her complaint. *Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469 (6th Cir. 2019). A plaintiff wishing to avoid removal, then, can demand relief in an amount below the jurisdictional threshold. *Id.*; *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 294 (1938) ("If [a plaintiff] does not desire to try his case in the federal court he may resort to the expedient of suing for less than the jurisdictional amount, and though he would be justly entitled to more, the defendant cannot remove."). So long as that demand in fact limits plaintiff's relief, it prevents diversity jurisdiction from arising.

Ohio law makes doing that more difficult in two ways. First, under Ohio's Civil Rules, a plaintiff's complaint usually cannot demand a specific dollar amount for relief, but instead is limited to alleging whether the plaintiff seeks recovery exceeding $25,000. Ohio Civ. R. 8(A). Second, even if a plaintiff were to ignore that limitation and allege a specific cap on damages in their Complaint (e.g., "plaintiff seeks and will accept no more than $75,000"), Ohio law renders such limitations unenforceable. That is, Ohio law permits a plaintiff to recover damages beyond what their complaint alleges. *See* Ohio Civ. R. 54(C); *Shankle v. Egner*, 2012 WL 1622459, at *5 (Ohio Ct. App.) ("Civ. R. 54 authorizes courts to grant the relief to which a party is 'entitled,' regardless of whether the party has demanded the relief in the pleadings.").

As a result, normally a defendant to an Ohio state court action may remove, even though the complaint does not demand relief greater than $75,000 on its face, so long as the defendant asserts in good faith that the amount in controversy exceeds the jurisdictional threshold (and, of course, that complete diversity exists). *See* 28 U.S.C. § 1446(c)(2); *see also Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 84 (2014) ("When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so."). In making that removal request, the defendant "need include only a plausible allegation that the amount in

4

controversy exceeds the jurisdictional threshold" and "need not contain evidentiary submissions." *Dart Cherokee*, 574 U.S. at 85, 89. Defendants made such an allegation in support of the original removal here. *See* Doc. 1 at ¶¶ 8-10.

Faced with that situation, a plaintiff seeking remand has two options. First, the plaintiff can, at the first post-removal opportunity, file a stipulation clarifying that they *always* desired recovery *below* the jurisdictional threshold. *See Heyman v. Lincoln Nat'l Life Ins. Co.*, 781 F. App'x 463, 469-71 (6th Cir. 2019). So long as the stipulation's language is unequivocal and binding, and so long as it is a clarification rather than a reduction, that stipulation deprives the federal court of diversity jurisdiction. *See id.* The clarification versus reduction point matters because "events occurring subsequent to the institution of suit which reduce the amount recoverable below the statutory limit do not oust jurisdiction." *Rogers v. Wal-Mart Stores, Inc.*, 230 F.3d 868, 872 (6th Cir. 2000) (citation omitted)).

Second, the plaintiff can move for remand by disputing the allegation in the removal papers regarding the jurisdictional amount. If the plaintiff picks this latter course, the defendant, as the party seeking to keep the matter in federal court, then must show, by a preponderance of the evidence, that the jurisdictional amount is met. *See* 28 U.S.C. § 1446(c)(2)(B).

Plaintiffs here, to some degree, raise challenges by both methods.

Adequacy of Notice of Removal

First, Plaintiffs contend the Notice of Removal improperly attempts to aggregate the damages of four individuals to meet the amount in controversy requirement.

The party seeking removal jurisdiction bears the burden of stating facts in its notice of removal demonstrating an entitlement to removal jurisdiction. *Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit,* 874 F.2d 332, 339 (6th Cir. 1989). The traditional

5

judicial interpretation is "that the separate and distinct claims of two or more plaintiffs cannot be aggregated in order to satisfy the jurisdictional amount requirement." *Siding & Insulation Co. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369 (6th Cir. 2014) (quoting *Snyder v. Harris*, 394 U.S. 332, 335 (1969)).[2]

Plaintiffs are correct that the notice of removal seemingly attempts to improperly aggregate the claims of four individuals; it states:

> The *Complaint* seeks an award of damages "in excess of twenty-five thousand dollars ($25,000.00) each . . . in addition to punitive damages and other relief . . . ." To the extent that the damages prayed for on behalf of Ms. Speelman and each of her three named children is each in excess of $25,000, the total amount prayed for is necessarily in excess of $100,000.

(Doc. 1, at ¶ 8). The Notice of Removal also goes on to note that "Plaintiff's [sic] *combined* alleged damages, as pleaded, necessarily exceed $75,000.") *Id.* at ¶ 10 (emphasis added). Defendants do not dispute the basic legal proposition – that claims cannot be aggregated – in opposition.

The Notice of Removal also cites the Complaint's allegations of "permanent and substantial deformities" and permanent impairment before stating that the amount in controversy exceeds $75,000. (Doc. 1, ¶ 9). In their opposition brief, Defendants shift tactics, and, focusing on this language, contend that at the time of removal, given the severity of the allegations in the Complaint and the meaning of these terms under Ohio law, the jurisdictional amount is satisfied. As such, the Court turns to Plaintiffs' second contention – that their post-removal Stipulation requires remand.

---

2. There are limited exceptions to this rule, but Defendants do not argue that any apply here.

Post-Removal Stipulation

Plaintiffs further contend that under Sixth Circuit caselaw, their post-removal Stipulation necessitates remand. Defendants respond: (1) the Stipulation was filed one month after the Notice of Removal, and "[a]s such, it cannot be considered in determining this Court's jurisdiction over the matter" (Doc. 7, at 2); and (2) "The stipulation . . . is not binding and therefore strips itself of any capacity to support a potential remand." (Doc. 7, at 3).

Defendants cite no caselaw to support the proposition that a stipulation filed one month after a notice of removal cannot be considered. The only case it cites prior to this statement is *Rogers*, which held that a post-removal stipulation which purports to *reduce* the amount in controversy does not require remand. 230 F.3d at 872. But Sixth Circuit caselaw on the issue holds that so long as the stipulation's language is unequivocal and binding, and so long as it is a *clarification* rather than a reduction, that stipulation deprives the federal court of diversity jurisdiction. *See Heyman*, 781 F. App'x at 469–71; *Shupe v. Asplundh Tree Expert Co.*, 566 F. App'x 476, 481 (6th Cir. 2014) (after removal, "[a] plaintiff may stipulate to a claim less than the federal jurisdictional amount 'where a plaintiff provides specific information about the amount in controversy *for the first time*.'") (quoting *Egan v. Premier Scales & Sys.*, 237 F. Supp. 2d 774, 778 (W.D. Ky. 2002)) (emphasis added); *see also Heyman*, 781 F. App'x at 470 (the statement must be plaintiff's first post-removal statement of the amount in controversy).

Defendants contend the Stipulation is not binding and therefore does not require remand. However, the Stipulation asserts, as to each Plaintiff, that the relief sought is limited to "[a]n award of compensation . . . in an amount to be determined at trial in excess of $25,000 each, but not greater than $75,000 each, inclusive of any award of punitive damages and attorneys' fees", "[a]n award of punitive damages . . . in an amount to be determined at trial, but not greater than

7

$75,000 each, inclusive of any award of compensatory damages and attorneys' fees", and "[a]ward of attorneys' fees as provided by law and in an amount not greater than $75,000 each, inclusive of any award of compensatory damages and punitive damages." (Doc. 6-1, at ¶¶ 1-3). The Stipulation also contains the following wording:

> This Stipulation is intended to be unequivocal and binding on [Plaintiffs], and it is Plaintiff's intention that this Stipulation be used by the Court to limit the amount of any award in their favor.

(Doc. 6-1, at 2). The Court finds Plaintiffs' stipulation is (1) their first post-removal statement regarding the damages sought; (2) clarifies, rather than reduces, the amount of damages at issue; and (3) is unequivocal and binding. *See Total Quality Logistics, LLC v. James*, 630 F. Supp. 3d 902, 905 (S.D. Ohio 2022) ("So long as the stipulation below the threshold amount is unequivocal, binding, and the first time the party has clarified the amount in controversy, that stipulation will deprive the federal court of subject matter jurisdiction."). Therefore, remand is required.

## CONCLUSION

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiffs' Motion to Remand (Doc. 6) be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that this case be, and the same hereby is, REMANDED to the Williams County Court of Common Pleas.

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

8